# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 19-30783
Summary Calendar

Jonathan Jacobs,

*Plaintiff—Appellant*,

*versus*

John Wells, *Captain*; Michael W. Collins, *Lieutenant*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-865

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Jonathan Jacobs, Louisiana prisoner # 526038, appeals the dismissal of his civil rights complaint claiming excessive force in violation of the Eighth Amendment. The district court granted the defendants-appellees' motion for summary judgment, determining that *Heck v. Humphrey*, 512 U.S. 477

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(1994), barred Jacobs's claims because, if he were granted relief, it would necessarily imply the invalidity of his disciplinary convictions. Our review is de novo. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

When a prisoner seeks relief under § 1983, a "court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. "[F]or purposes of *Heck*, a conviction . . . includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Gray v. White*, 18 F.4th 463, 467 (5th Cir. 2021) (internal quotation marks and citation omitted), *cert. denied*, 2022 WL 1611817 (U.S. May 23, 2022) (No. 21-1362). Thus, "*Heck* precludes § 1983 litigation in the prison-disciplinary proceeding context where it would negate [the prisoner's] disciplinary conviction if negating that conviction would affect[] the duration of his sentence by restoring his good time credits," even if the prisoner does not actually seek restoration of his good time credits as a remedy. *Id.* (internal quotation marks and citation omitted). On the other hand, where "the basis of a prisoner's § 1983 claim is distinct from the basis of his disciplinary conviction, and ruling in the prisoner's favor would not negate the prison's finding that [the prisoner] violated its policies and was subject to disciplinary action as a result, the *Heck* bar is inapplicable." *Id.* at 467-68 (internal quotation marks and citation omitted).

Here, the district court concluded that Jacobs's claims were categorically barred by *Heck*. At the time of this decision, the district court lacked the benefit of our recent decisions explaining more fully the interaction of *Heck* and excessive force claims. *See, e.g., Santos v. White*, 18 F.4th 472, 476 (5th Cir. 2021) ("Though the disciplinary reports list factual findings, the elements required to find a prisoner guilty of those violations do not appear anywhere in the record," making it "impossible to determine which facts were *necessary* to the disciplinary board's conclusions.") (internal

quotation marks and citation omitted), *cert. denied*, 2022 WL 2111389 (U.S. June 13, 2022) (No. 21-1425); *Gray,* 18 F.4th at 468 ("The determination of whether an individual claim is barred by *Heck* is thus 'analytical and fact-intensive.'") (internal citation omitted); *Aucoin v. Cupil*, 958 F.3d 379, 381-83 (5th Cir. 2020) (concluding that *Heck* barred excessive force claims which occurred contemporaneous with the conduct that formed the basis for the disciplinary convictions but not those excessive force claims which occurred outside of the disciplined conduct).

Accordingly, we conclude that the district court should reconsider its ruling in light of these recent decisions. The summary judgment is VACATED and REMANDED. As in *Gray* and *Santos*, "[w]e place no limitation on the matters that the court can address and decide on remand. Nor do we suggest how the court should rule on which claims are precluded by *Heck*." *Gray*, 18 F.4th at 470; *Santos*, 18 F.4th at 477.